UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60118-CR-DIMITROULEAS
Magistrate Judge Snow

UNITED STATES OF AMERICA          )
                                  )
          Plaintiff,              )
                                  )
v.                                )
                                  )
                                  )
JEREMY ALAN HOBSON,               )
                                  )
          Defendant.              )
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is aware of a recorded statement made by the defendant before or after arrest in response to interrogation by law enforcement which is contained in a CD, attached and Bates Stamp numbered 001.

    2.  That portion of the written report containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent and copy of his signed consent to search are attached and Bates stamp numbered 003 and 005.

    3.  No defendant testified before the Grand Jury.

    4.  A NCIC computer printout query of defendant's criminal record has been prepared and attached and is Bates Stamp numbered 007 through 018. Certified records of conviction have been requested and will be forwarded to counsel for the defendant upon receipt.

1

5. Fifteen (15) Photographs of evidence and books, papers, documents, photographs, tangible objects, buildings or places which the government intends to introduce at trial are copied on a CD, attached and Bates stamp numbered 028.  Subpoenaed Western Union records confirming HOBSON money grams sent to Michael Dietrich of $800 on 11/20/2013, $400 on 11/22/2013, $800 on 11/26/2013, $800 on 12/2/2013, $800 on 1/12/2014, $400 on 3/5/2014, $500 on 3/28/2014, $800 on 4/3/2014 and $460 on 4/3/2014 is attached in a CD Bates Stamp numbered 029. The physical evidence which the government intends to use at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida.

6. A laboratory analysis report regarding the controlled substance in connection with this case has been submitted to DEA Forensic Laboratory for analysis and will be provided to counsel upon receipt by this office.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.  This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the

      inextricably-intertwined doctrine).

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

L.     The government is not in possession of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.     At the discovery conference, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

    In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

3

Date:  On or about May 8, 2014
Place: 530 NE 20th St., Apartment 7, Wilton Manors, Florida.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    s/  *Scott H. Behnke*
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY
ATTORNEY NUMBER A5500005
500 EAST BROWARD BLVD. SUITE 700
FT. LAUDERDALE, FL.33394
Tel: (954) 660-5698
Fax: (954) 356-7336
E-mail: scott.behnke@usdoj.gov

cc: S/A Crystal O'Connor (DEA)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 29, 2014, I electronically filed the foregoing document, Government's Response to the Standard Discovery Order, with the Clerk of the Court using CM/ECF and that all attachments to the discovery response indicated by Bates Stamp numbers above, was delivered to the Federal Public Defender's box at the Federal District Court Clerk's Office, addressed to attorney for the defendant, Jan Christopher Smith, II, Federal Public Defender's Office, 150 W Flagler Street, Miami, FL 33130-1556.

s/  *Scott H. Behnke*
SCOTT H. BEHNKE
Assistant U.S. Attorney