UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60118-CR-DIMITROULEAS
Magistrate Judge Snow

UNITED STATES OF AMERICA )
)
v. )
)
JEREMY HOBSON, )
)
Defendant. )
_____/

## PLEA AGREEMENT

The United States of America and JEREMY HOBSON, hereinafter referred to as the "defendant," enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment charging the defendant with knowingly and conspiring to possess with intent to distribute fifty (50) grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. The United States agrees to seek dismissal of the remaining Count alleged in the Indictment at the time of sentencing.

3. The defendant is aware and agrees that the sentence will be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute the advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying, in part, on the results of a Pre-Sentence Investigation by the court's probation office,

which investigation will commence after the guilty pleas has been entered. The defendant is further aware and understands that the court is required to consider the advisory guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in Paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that with respect to Count 1 of the Indictment, the court may impose a statutory minimum term of five (5) years and up to forty (40) years, followed by a term of at least ~~three~~ [4 / FOUR] years supervised release. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $5,000,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant which must be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses

˜2˜

committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by three levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making a false statement or misrepresentation to any governmental entity or official.

8. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with,

law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he will not commit any further crimes.

9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the court is under no obligation to grant a motion for reduction of sentence filed by the government. In addition, the defendant further understands and acknowledges that the court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant has read in its entirety the document entitled "Factual Statement in Support of Plea Agreement" which is attached hereto and incorporated herein as Exhibit "A," The defendant has reviewed Exhibit "A" with his attorney and adopts the facts articulated therein as accurate.

13. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/8/2014   By: _____
SCOTT H. BEHNKE
Assistant United States Attorney

Date: 7/22/14   By: _____
JAN CHRISTOPHER SMITH
Attorney for the Defendant

Date: 7/22/14   By: _____
JEREMY HOBSON
Defendant