UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-60118-CR-DIMITROULEAS
Magistrate Judge Snow

UNITED STATES OF AMERICA          )
                                  )
             Plaintiff,           )
                                  )
v.                                )
                                  )
                                  )
JEREMY HOBSON,                    )
                                  )
             Defendants.          )
_____  /

**FACTUAL STATEMENT IN SUPPORT OF PLEA AGREEMENT**

The United States of America and the defendant agree that had this matter proceeded to trial the United States would have established beyond a reasonable doubt the facts set forth below. The parties further agree that the below factual proffer is a summary relating to the defendant's conduct and does not include every detail of the offense. In addition, the parties agree that the below recited facts are sufficient to establish the elements of the offense. The defendant agrees that the below facts were committed knowingly and willfully.

1. On May 8, 2014, the Broward Sheriff's Office (BSO) Narcotics Interdiction Task Force was conducting a parcel interdiction operation at the Hollywood Federal Express (FedEx) Sort Facility. FedEx management contacted Detective Thompson in reference to a suspicious white powder they believed to be coming from a particular sort bin containing multiple packages. FedEx management located a package that was the source of the white powder. It was at this time, that

Attachment – A                                                                1

FedEx management opened the package which revealed an Ajax container. Detective Thompson further inspected the Ajax container which revealed a hidden compartment. Upon opening the compartment, detective Thompson observed what he recognized to be a clear plastic baggy containing suspected methamphetamine. Detective Thompson reinserted the contraband into the Ajax compartment and placed it and other items on the conveyor belt. Detective Thompson then deployed a narcotics detection canine to survey the items on the conveyor belt and the canine alerted to the Ajax container with the contraband. A subsequent field test confirmed that the suspect contraband was in fact methamphetamine. The package was addressed to "Billy Gibbs at 530 N.E. 20 St., Apt. 7, Wilton Manors, Florida."

2. At approximately 9:30 a.m. on May 8, 2014, BSO detective Gonzales conducted a controlled delivery to the 530 N.E. 20 St., Apt. 7, Wilton Manors, Florida address. Detective Gonzalez acting in an undercover capacity, walked up to the residence posing as a person who had mistakenly received the suspect package. As he approached the residence, he made contact with a male and asked him where apartment 7 was located. The male pointed him in the direction of apartment 7, Detective Gonzalez then asked him if he knew "Billy." The male identified himself as Billy. Detective Gonzalez asked Billy what his last name was and he responded, "Gibbs." Detective Gonzalez asked Gibbs if he was waiting on package and Gibbs confirmed that he was expecting a package. At this time, Gibbs followed Detective Gonzalez back to his undercover vehicle and took possession of the package from Gonzalez. After a brief conversation, detectives identified themselves as law enforcement.

3. Detective Gonzalez asked Gibbs if anyone else was inside of the residence. Gibbs advised that another male "Jeremy," later identified as Jeremy HOBSON, was inside the

Attachment – A                                                                                                                    2

residence. Gibbs gave detectives permission to go inside of the residence. Law enforcement made contact with Jeremy HOBSON and advised him of the nature of the investigation. HOBSON advised Detective Gonzalez that he was expecting an Ajax container of methamphetamine. Both HOBSON and Gibbs gave consent for a search of the residence and the package. The approximate weight of the methamphetamine was determined to be approximately 84 grams.

4. Detective Gonzalez advised HOBSON of his *Miranda* rights, which HOBSON waived. HOBSON gave a post-*Miranda*, recorded statement wherein he admitted to ordering the shipment of methamphetamine and intended on selling the methamphetamine. HOBSON advised that this was approximately the eleventh (11th) package of methamphetamine that he had received. HOBSON indicated that in October of 2013 while in San Francisco, he purchased some methamphetamine from an individual named M.D. In November of 2013, HOBSON started to negotiated with M.D. for the purchase of additional quantities of methamphetamine on approximately 10 more occasions. These purchases were usually for quantities of 1 ounce which he purchased for approximately $1,000 per ounce. In each transaction, the methamphetamine was shipped from California via FedEx. Most of the prior purchases were made via money grams, on at least one occasion, the money was wire transferred to a Bank of America account utilized to funnel the money to M.D.

5. On May 16, 2014, agents received a response to a subpoena issued to Western Union regarding HOBSON. Western Union records confirm that HOBSON sent M.D. sent $800 on 11/20/2013, $400 on 11/22/2013, $800 on 11/26/2013, $800 on 12/2/2013, $800 on 1/12/2014, $400 on 3/5/2014, $500 on 3/28/2014, $800 on 4/3/2014 and $460 on 4/3/2014.

Attachment – A                                                           3

6. Gibbs also gave a post-*Miranda*, recorded statement in which he admitted to accepting the package of methamphetamine and that he intended on assisting in its distribution. Gibbs advised that this was the second time he has assisted HOBSON in the receiving packages of methamphetamine.

7. The suspect contraband was subsequently delivered to Drug Enforcement Administration laboratory for examination and determined to be 79 [*handwritten: 790 grams*] net grams of methamphetamine.

8. The defendant and his attorney acknowledge by their signatures below that they have reviewed the stipulated facts with each other and agree with the accuracy of the facts as recited hereinabove.

Date: 8/8/2014

By: [signature]
SCOTT H. BEHNKE
ASSISTANT UNITED STATES ATTORNEY
WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 8/5/14

By: [signature]
JAN CHRISTOPHER SMITH
ATTORNEY FOR DEFENDANT

Date: 8/5/14

By: [signature]
JEREMY HOBSON
DEFENDANT

Attachment – A    4